The opinion of the court was delivered by
McEnery, J.
The accused was indicted for perjury, tried and convicted. He appealed.
He complains that the grand jury who found the indictment was illegally drawn and the grand jurors were illegally summoned, and that the indictment is fatally defective, as it does not show on its face that the alleged false statement was material to the issue. The illegality of the drawing of the grand jury is based on the fact that the jury commission met elsewhere than at the parish site, and that the deputy clerk participated in the drawing of the jury.
Section 4 of Act 89 of 1894 says the jury commission shall meet at some place to be designated by the clerk of the District Court.
It does not require the jury commission to meet at the court house, or in the town or city which is the parish site. In this case the clerk of court was sick, and he designated the town of Loreauville, where he could be present, as the place where the jury commission should meet. It would appear that the law was so framed as to meet an emergency such as is here presented.
The only evidence in the record as to the participation of the deputy clerk in the drawing and selecting of the jury is his statement: “I assisted at the drawing of the venire for the present term of court.”
In State vs. McCarthy, 44 An. 324, we noted the distinction between the acts of one who intruded himself upon the commission, and did acts which were not those of the commission, and one who was present with full knowledge of the commission, and acted directly under the supervision and control of its members.
*1094 We are to presume that the members of the jury commission, in the absence of testimony to the contrary, performed the duties imposed upon them by law. Therefore, we conclude that the deputy-clerk acted under the immediate control and direction of the commission, and performed such acts only as it directed.
The proces verbal shows that Numa Broussard, the clerk of court and ex-officio member of the commission, with the other four members of the commission, actually drew the jury. We are not informed what particular act the deputy clerk did, but his presence being authorized by the commission, and his acts directed by them, they were the acts of the jury commission, and if irregular, must be treated as irregularities of the commission. Id., 26.
There is no evidence that any fraud has been practiced upon the accused, or any great wrong inflicted upon him in the selection and summoning of the jury that would work irreparable injury. Unless the irregularity in the drawing and the summoning of the jury produce such a result, the accused can not complain. Sec. 9, Act 89 of 1894; State vs. Taylor, 44 An. 783; State vs. Green, 43 An. 402; State vs. Simmons, 43 An. 991; State vs. McCarthy, 44 An. 324.
The bill reserved to the alleged defect in the indictment is not pressed in the brief of counsel for accused. The defect does not exist as the indictment specially charges the materiality of the testimony to the issue presented in the case in which the accused was a witnesss.
Judgment affirmed.